IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNY RAY PIERCE, #811368, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1647-N |
| | ) | ECF |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Institutional Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Moore Correctional Center of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Overton, Texas. Respondent is the Director of TDCJ-CID. The Court issued process in this case.

Statement of the Case: Petitioner pled guilty to driving while intoxicated (DWI) in the 13th Judicial District Court of Navarro County, Texas, in Cause No. 00-00-26778-CR. (Pet. at 2). On December 5, 1997, punishment was assessed at nine years imprisonment. (Id.).

Petitioner did not appeal from the judgment of conviction.  (Id. at 3).

Petitioner's plea and sentencing occurred contemporaneously with his probation revocation and re-sentencing for two prior counts of indecency with a child, Nos. 22,815 and 22,816, in the 13th Judicial District Court of Navarro County.  Ex parte Pierce, No. 58,337-01 and 02, at 22-35.  On December 5, 1997, punishment was assessed at nine years imprisonment in each case to run concurrently.  Id. at 31.  In the present petition, Petitioner only challenges the start date of his DWI sentence in No. 00-00-26778.[1]

On May 16, 2002, Petitioner filed an administrative dispute to correct to the start date of his DWI sentence in No. 00-00-26778.  This dispute was resolved when TDCJ-CID responded that there was no error in the time calculation on September 25, 2002.  On January 22, 2004, Petitioner filed a state application for writ of habeas corpus, pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging the start date of his sentence in No. 00-00-26778.  Ex parte Pierce, No. 58,337-03, at 2.  The Texas Court of Criminal Appeals dismissed the application on February 16, 2005.  Id. at cover.[2]

In his federal petition, filed on August 16, 2005, Petitioner again alleges that TDCJ-CID incorrectly calculated the start date of his DWI sentence in No. 00-0026778, in direct violation

---

[1] In addition to the three nine-year sentences summarized above, Petitioner was sentenced on December 5, 1997, to five year imprisonment for a second DWI conviction in the 13th District Court of Navarro County, Cause No. 25,185.  See Affidavit of Lydania McNeil, Administrative Assistant to the Classification Committee, dated September 12, 2005, submitted by Respondent along with the state court record.  It appears this five-year sentence is now fully expired.

[2] Petitioner submitted identical art. 11.07 applications with respect to his convictions in Nos. 22,815 and 22,816, although the time calculation issue related only to his conviction in No. 00-00-26778.  See Ex parte Pierce, Nos. 58,337-01 and 02, at 2.  The Texas Court of Criminal Appeals dismissed these applications on February 16, 2005.  Id. at cover.

of his plea agreement.[3]

In response to this Court's order to show Cause, Respondent filed an answer, along with the state court record, alleging that the petition is time barred, unexhausted, and meritless. Petitioner has not filed a reply.[4]

<u>Findings and Conclusions</u>:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  See id. § 2244(d)(1)(A)-(D).

The claim in this case relates to whether Petitioner is entitled to have his nine-year

---

[3] For purposes of this recommendation, the petition is deemed filed on August 15, 2005, the date on which Petitioner signed it and presumably placed it in the prison mail.  See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).  Petitioner's certificate of mailing and service follows the numerous exhibits attached to the federal petition.

[4] Petitioner filed an interlocutory notice of appeal on December 9, 2005, from the order denying all his pending motions, including a motion for summary judgment, and requiring Respondent to Show Cause.  The appeal is presently pending before the Fifth Circuit Court of Appeals.  See No. 06-10016.

3

sentence in No. 00-00-26778 begin on May 20, 1997, which would change his projected release dat to May 20, 2006. The original judgment of conviction indicated that Petitioner's sentence should begin on May 20, 1997, and that Petitioner should be given 47 days credit from December 5, 1997, the date of sentencing, which would have started the sentence on October 18, 1997, eight days before it was committed on October 26, 1997. Ex parte Pierce, No. 58,337-03, at 22. On February 9, 1999, the trial court issued a corrected judgment, which again stated that the sentence would begin on May 20, 1997, but providing 199 days credit instead of the original 47 days credit. Id. at 23. TDCJ's records reflect, however, that the sentence is to begin on October 26, 1997, the date on which it was committed. See Affidavit by Lydania McNeil, Administrative Assistant to the Classification Committee, dated September 12, 2005, submitted by Respondent along with the state court record.

In Exhibits B and C, attached to his federal petition, Petitioner states that on or about December 1, 2001, the Texas Board of Pardons and Parole (Parole Board) removed the designation that he was eligible for discretionary mandatory supervision, and changed for the first time his sentence begin date from May 20, 1997, to October 26, 1997. (Pet. at Exh. B and C).[5]

In light of the above, Petitioner now argues that he could not have learned of the discrepancy in his sentence start date before December 1, 2001. (See Memorandum in Support

---

[5] This coincides, at least in part, with the affidavit of Lydania McNeil which states at page one as follows:
> On November 21, 2001, discretionary mandatory supervision [was] denied per no Board of Pardons and Paroles vote, convert to non-mandatory supervision status. Cause #00026778CR will remain non-mandatory supervision due to prior offense of Indecency with a Child pursuant to HB 1433.

filed August 16, 2005, at 3). Accordingly, the Court will calculate the one-year statute of limitations under § 2244(d)(1)(D), from the date the facts supporting the claims raised in the petition became known or could have become known. See 28 U.S.C. § 2244(d)(1)(D). See also Kimbrell v. Cockrell, 311 F.3d 361, 364 (5th Cir. 2002) (one-year period began to run from date of habeas petitioner's prison disciplinary hearing that deprived him of good-time credit, as factual predicate of claim contesting denial of that credit was discoverable with reasonable diligence as of that date).[6]

Under subsection D, the one-year statute of limitations began to run on December 2, 2001, the day after Petitioner allegedly learned of the factual basis for his claim. As of May 6, 2002, the date on which Petitioner filed his time-credit dispute, 165 days of the one-year limitation period had elapsed. The time-credit dispute remained pending until September 25, 2005, during which time the Court presumes the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). See Kimbrell, 311 F.3d at 363-64 (timely pendency of prison grievance procedures tolled one-year period for bringing habeas petition over loss of good-time credits); Tweedy v. Dretke, 2003 WL 22724659, *3, No. 4:03cv0520-A (N.D. Tex. 2003) (tolling during pendency of TDCJ-CID's time credit dispute resolution process) (citing Kimbrell, 311 F.3d at 363-64). The one year-period expired 200 days later on April 13, 2003– more than two years before Petitioner filed the federal petition in this case on August 15, 2005. Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see

---

[6] Subparagraph (A) is inapplicable to this case, where the petition relates solely to matters that occurred after the judgment of conviction became final. Nor does Petitioner allege a state created impediment under subparagraph (B), or base his petition on any new constitutional right under subparagraph (C).

5

Sonnier v. Johnson, 161 F.3d 941 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner did not file his state habeas application until January 22, 2004, 284 days after the expiration of the limitation period. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas petition did not toll one-year period where it was filed after the one-year limitation period had expired). Therefore, the federal petition is clearly time barred unless the limitation period is tolled on equitable grounds.

Equitable tolling is available only in cases presenting "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoted case omitted). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)); see also Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Further, "equity is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Rather, "[e]quitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." Id. at 715, n. 14. Finally, a habeas petitioner has the burden of proving that he or she is entitled to equitable tolling. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner is not entitled to equitable tolling in this case. His pleadings do not present "rare and exceptional circumstances" warranting equitable tolling. Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). Nor can he establish that he diligently pursued his rights. United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). Petitioner allowed over fifteen months to elapse between the denial of his time credit dispute resolution on September 25, 2002, and the filing of his state habeas application on January 22, 2004.[7]

Following the dismissal of his art. 11.07 application, Petitioner delayed for an additional six months, before submitting this federal petition for filing. Petitioner alleges a three-month delay until May 23, 2005, in receiving notice of the dismissal of his art. 11.07 application. (Pet's Reply filed on October 12, 2005, at 1, Memorandum in Support filed on August 16, 2005, at 2). Even assuming the truth of the above allegation, Petitioner still waited too long after receiving notice of the dismissal of his art. 11.07 application -- approximately 84 days -- before submitting this federal petition for filing. These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). See also Lookingbill v. Cockrell, 293 F.3d 256, 264-65 (5th Cir. 2002) (four-day delay in filing federal habeas petition by death row inmate did not justify equitable tolling; courts focus "on the reasons for missing the deadline rather than on the magnitude of the tardiness).

---

[7] While Petitioner filed in the trial court a "Nunc Pro Tunc Motion" on November 28, 2003, seeking to have the judgment set aside so that a new plea agreement and judgment for a sentence of less than nine years could be entered (see Federal Pet. at Exh. E), its filing would not justify statutory or equitable tolling in this case. Moreover, it is undisputed that the "Nunc Pro Tunc Motion" was returned to him with no action. (Id.).

7

RECOMMENDATION:

For the foregoing reasons it is recommended that the habeas corpus petition be dismissed with prejudice as barred by the one-year limitation period. 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner and counsel for Respondent.

Signed this 21st day of April, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.